THE MORRIS PLAN COMPANY OF NEW YORK, A NEW YORK CORPORATION, PLAINTIFF-APPELLANT, v. DAVID ROSENZWEIG, DEFENDANT-RESPONDENT.

Submitted January 30, 1933—Decided June 30, 1933.

Before BROGAN, CHIEF JUSTICE, and Justices TRENCHARD and CASE.

For the appellant, *Louis Ogust* (*I. Harold Meyerson*, of counsel).

For the respondent, *David T. Wilentz*.

PER CURIAM.

This is the appeal of the plaintiff below from a judgment entered by the judge of the New Brunswick District Court, sitting without a jury, in favor of the defendant.

The situation is this: The plaintiff is a New York banking corporation, with its office in the city of New York. It is agreed that "the action was to recover the balance due on a promissory note, made by one Ira A. Wise, *and several other co-makers, of whom the defendant is one.*" It is admitted that the note, on its face, is dated New York, N. Y., November 15th, 1929, and by its terms it is payable at the office of the plaintiff, in the city of New York, and was delivered to the plaintiff at its office in the city of New York. It is agreed that the defendant, David Rosenzweig, one of the co-makers, signed the note in Perth Amboy, New Jersey, at the request of another co-maker and with the knowledge of the plaintiff.

There is no dispute with respect to the amount due and unpaid on the note, to wit, $70 plus interest from November 15th, 1930, plus a delinquency charge of $1. Plaintiff produced proof through a New York attorney that the demand for delinquency charge is proper under section 293, subdivision 5 of the Banking law of the State of New York. The defendant is the only party to the note who is a resident of the State of New Jersey.

The plaintiff-appellant contends that as a matter of law the court below erred in rendering a judgment in favor of the defendant.

The only question involved is, was the note sued on a New York transaction, and, therefore, governed by the law of that

state, or does it come under the prohibition of chapter 49 of the laws of 1914 (page 75), because the defendant, one of the co-makers, signed it in New Jersey?

Plaintiff contends that the transaction arose under and by virtue of the laws of the State of New York, and that it is, therefore, unnecessary for the appellant to come within the provisions of the statute of 1914.

We think the note sued on is a New York transaction, having arisen under and by virtue of the laws of the State of New York. It is dated New York, N. Y., was delivered to the plaintiff, a banking corporation of the State of New York, at its New York office, and by its terms is to be paid to the plaintiff at its office in the city of New York.

In the case of *Commercial Credit Corp.* v. *Boyko,* 103 *N. J. L.* 620; 137 *Atl. Rep.* 534, the Court of Errors and Appeals said:

"The law is firmly settled in this state that when a note is made payable at a particular place, it is to be treated in all respects as if made there, without regard to the place where it is dated or delivered. *Ball et al.* v. *Consolidated Franklinite Co.*, 32 *N. J. L.* 102."

The present case is even stronger than that, since the note was not only payable in New York, but was also dated New York, N. Y., and delivered to the plaintiff at its office in New York.

But the defendant contends that the provisions of the so-called "Small Loan act" of the State of New Jersey (chapter 49 of the laws of 1914) applies. The defendant cites and quotes the provision, section 1 of the act reading as follows:

"When an application for a loan, or for an endorsement or guarantee, or for the purchase of a note, is made by any person within this state, and the money is advanced, or the endorsement or guarantee is made or furnished, or the note purchased by any person situated without this state, the transaction shall be deemed a loan made within this state, and such loan, and the parties making it, shall be subject to the provisions of this act."

(It is to be noted that this language was eliminated from the act by chapter 62 of the law of 1932 but by reason of a

reservation of prior contracts the act of 1914 requires consideration.)

The defendant's contention that the act of 1914 applies is based solely on the erroneous assumption that "the defendant's signature is in the nature of an endorsement." He was plainly not an endorser. He was obviously a co-maker, and as a matter of fact the defendant so stipulated. Therefore that contention of the defendant fails.

It is argued that the plaintiff could not bring this action without complying with section 98 of the Corporation act, to wit, secure a certificate to do business prior to bringing this action. In view of the fact that this is a New York transaction, it is unnecessary for the plaintiff to comply with section 98 of the Corporation act, and this is sustained by the case of *Commercial Credit Corp.* v. *Boyko, supra,* which holds as follows:

"Foreign corporations, without complying with the provisions of section 98 of the Corporation act, may maintain suits in this state on contracts made without the state."

Since the facts are stipulated the judgment will be reversed, with costs, and the record remitted to the end that a judgment may be entered in favor of the plaintiff.